# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JAMES CURRY, JR.                                                                    PLAINTIFF

v.                                                                        No. 1:09CV215-D-A

SOCIAL SECURITY ADMINISTRATION                                                      DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of James Curry, Jr. who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Curry alleges that he was arrested on July 28, 2009, by an officer from the Department of Homeland Security because he told the officer to "suck my middle section and kiss my butt." Curry alleges that the officer gave a false statement to effect the arrest. Curry alleges that he takes medication for emotional and mood disorders, depression, and stress. He alleges that the Social Security Administration's failure to find that he is disabled, process his appeal properly, and to properly handle a stolen check, has caused him to suffer additional stress, depression, and mood swings – and to take the actions leading to his incarceration. He seeks $2,500,000.00 in damages.

## Discussion

From his previous cases, the court is familiar with Mr. Curry's long history of incarceration and treatment for mental and emotional illness. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the court finds that the complaint should be dismissed for failure to state a claim upon which relief could be granted. Judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Neitzke v. Williams*, 490 U.S. 319, 327-328, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

The plaintiff blames the Social Security Administration for his current problems – including his present incarceration. The plaintiff's contentions are examples of "fantastic or delusional scenarios;" as such, they are frivolous and should be dismissed. In addition, in cases proceeding under federal question jurisdiction, "the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous." *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ.3d § 1350. When, as here, the "defect appearing on the face of the complaint clearly is irremediable," it is not necessary to give the pleader an opportunity to be heard. *Id.* Under the facts of this case, the Social Security Administration cannot be held responsible for James Curry, Jr.'s incarceration. Because the present complaint is clearly frivolous and because the defects are irremediable, the instant complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted and for want of subject matter jurisdiction, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g) .

## Denial of *In Forma Pauperis* Status and Prohibition Against Future *Pro Se In Forma Pauperis* Cases Under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g)

This case should also be dismissed because Curry has previously accumulated three "strikes" under 28 U.S.C. § 1915(g). The Prison Litigation Reform Act was enacted in April 1996. This Act provides, *inter alia*, at 28 U.S.C. § 1915(g)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On March 10, 2003, this court dismissed case *Curry v. Nettleton High School*, 1:03CV96-D-A, as frivolous. On that same date, *Curry v. Lee County*, 1:03CV97-D-A, was dismissed by this court as frivolous. This court, also on March 10, 2003, dismissed Curry v. State of Mississippi, *et al.*, 1:03CV98-D-A as frivolous. Therefore, the plaintiff has accumulated three strikes and has been an abuser of his *in forma pauperis* privileges. Therefore, under 28 U.S.C. § 1915(g), the instant case shall be dismissed and the plaintiff barred from filing any future *pro se in forma pauperis* complaints without permission of one of the judges of the court. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 21 day of August, 2009.

/s/ Glen H. Davidson
SENIOR JUDGE